**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JASON GARCIA,

        Plaintiff(s),
   v.                                                              **DECISION & ORDER**
                                                                    09-CV-6622
MR. JAMES CONWAY, Supt.,
MR. CHAPPIUS, Deputy of Security,
MR. P. CONNALLY, CORRECTIONAL
OFFICER ANTHONY WITKOWSKI,
CORRECTIONAL OFFICER DANIEL HEINTZ
and CORRECTIONAL OFFICER M. MEYER,

        Defendant(s).

## Preliminary Statement

Currently pending before the Court are *pro se* plaintiff's motions to amend (Docket # 25) and to appoint counsel (Docket # 30). Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to protect him from being assaulted on August 12, 2009, while incarcerated at the Attica Correctional Facility. See Amended Complaint (Docket # 11). Plaintiff alleges that while he was working out he was attacked, beaten and stabbed by numerous unidentified inmates. According to plaintiff, the assault lasted several minutes and was visible from the watch tower.

On July 6, 2010, defendants filed a motion to dismiss. Defendants Conway, Chappius and Connally seek dismissal because plaintiff failed to allege any personal involvement on their part. Defendants Heintz, Meyer and Witkowski seek dismissal because plaintiff did not include any "description of facts" as to how they

failed to protect plaintiff.  The motion to dismiss is currently pending before Judge Larimer.  It is apparent that plaintiff filed the motion to amend his Complaint in response to the defendants' motion to dismiss.

## Discussion

1. Plaintiff's Motion to Amend (Docket # 25): Plaintiff seeks to amend his Complaint to remove Conway, Chappius and Connally as defendants.  Defendants "do not oppose the dismissal of the complaint against" defendants Conway, Chappius and Connally. See Declaration of Gary M. Levine, Esq. (Docket # 27) at ¶ 5. Accordingly, that aspect of the motion to amend is **granted**.

Plaintiff also seeks to amend his Complaint to allege specific facts about the actions or inactions of defendants Heintz, Meyer and Witkowski as they relate to his failure to protect claim. Defendants Heintz, Meyer and Witkowski oppose the proposed amendments on grounds that the additional factual allegations would make no difference "based on established law regarding failing to protect." See Declaration of Gary M. Levine, Esq. (Docket # 27) at ¶ 7.

At this juncture, I find that plaintiff's motion to amend should be granted.  In his proposed Amended Complaint, plaintiff attempts to remedy the perceived deficiencies of his current Amended Complaint by asserting specific factual allegations against

defendants Witkowski, Heintz and Meyer. See Proposed Amended Complaint annexed to Docket # 25. Using a separate page for each defendant, plaintiff more fully describes the factual bases for his failure to protect claims. Specifically, against defendant Heintz, plaintiff alleges that he did not follow proper procedures on August 12, 2009, as he allegedly failed to conduct "pat frisks" of the inmates and did not require inmates to walk through the metal detectors. See id. With respect to defendant Witkowski, plaintiff alleges that he did not follow proper procedures because he was not at his post when he was supposed to be, and also failed to pat frisk inmates and did not make them pass through a metal detector. See id. With respect to defendant Meyer, plaintiff alleges that Meyer, who was the "Watch Tower Officer" on August 12, 2009, failed to properly perform his watch tower duties and failed to be at his post watching over the yard that day. Plaintiff alleges that all three defendants failed to properly perform their job duties and did not follow their job descriptions. Plaintiff also alleges that all three defendants knew that Attica Correctional Facility's C-Block yard is dangerous and has "numerous inmate on inmate assaults." See id.

"A district court has broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000). Pursuant to Rule 15(a)(2), leave to amend a pleading should be freely granted, absent a showing of "excessive

delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000); Lucente v. Int'l Machs. Bus. Corp., 310 F.3d 243, 258 (2d Cir. 2002). The Court must also remain cognizant of the plaintiff's *pro se* status. See Harris v. Buffardi, No. 08-CV-1322 (GLS/DRH), 2009 WL 3381564, at *2 (N.D.N.Y. Oct. 19, 2009)("[W]hen, as here, the party seeking leave to amend proceeds pro se, a court must afford the pro se litigant special solicitude.")(citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006)).

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee safety of the inmates." See Farmer v. Brennan, 511 U.S. 825, 832 (1994)(citation omitted). Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (citation omitted). To properly plead a claim for failure to protect, a plaintiff must allege that a pervasive risk of harm from other prisoners exists and that prison officials displayed deliberate indifference to that danger. See Villante v. Dep't. of Corrs. of City of N.Y., 786 F.2d 516, 523 (2d Cir. 1986); see also Morales v. N.Y. Dep't of Corrs., 842 F.2d 27, 30 (2d Cir. 1988)("[T]his circuit has continued to adhere to the position that a state prison guard's deliberate indifference to the consequences of his conduct for those under his control and dependent upon him may support a claim under § 1983.").

In his proposed Amended Complaint, plaintiff alleges that a

4

pervasive risk of harm from other prisoners existed at Attica Correctional Facility on August 12, 2009, as Attica's C-Block yard has numerous inmate-on-inmate assaults.  See Proposed Amended Complaint annexed to Docket # 25.  Plaintiff also alleges that defendants Witkowski, Heintz and Meyer displayed deliberate indifference to that danger, as they were all aware of that danger but failed to diligently perform their required job duties. See id. Bearing in mind that plaintiff is proceeding *pro se* and accepting all of the factual allegations in the proposed Amended Complaint as true, the Court finds that the *pro se* plaintiff has sufficiently pled his failure to protect claims against defendants Witkowski, Heintz and Meyer to require the defendants to Answer.  Accordingly, plaintiff's motion to amend (Docket # 25) is **granted.**  The proposed Amended Complaint annexed to Docket # 25 shall now operate as the Amended Complaint in this action.  The Clerk's Office is directed to terminate defendants Conway, Chappius and Connally from this action.  Defendants Witkowski, Heintz and Meyer are directed to Answer the Amended Complaint.

Nothing in this Decision and Order should be construed as precluding defendants Witkowski, Heintz and Meyer from amending their motion to dismiss and arguing that even with the new factual allegations contained in the Amended Complaint, plaintiff's newly Amended Complaint fails to state a failure to protect claim.

2.   Plaintiff's Motion to Appoint Counsel (Docket # 30): Plaintiff asserts that he needs to have counsel appointed due to, *inter alia*, lack of access to the law library, the factual and legal complexity of the case, his inability to investigate the facts of the case and his inability to present his claims. See Dockets ## 30, 32.  Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck, & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  The Court has discretion over appointment of counsel for indigent litigants in civil claims. *In re* Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).  The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that

plaintiff's allegations satisfy the initial threshold showing of merit, but I conclude, however, that appointment of counsel is not warranted at this particular time. The factors to be considered in ruling on a motion for the appointment of counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). On the record currently before the Court, plaintiff has not made an adequate showing that all these factors warrant the appointment of counsel.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper, 877 F.2d at 172. The factual circumstances surrounding plaintiff's claims do not appear to be complicated and the issues alleged in the Amended Complaint are not unusually complex. The details contained in the Amended Complaint suggest that investigating the claims made in the instant action will not be a complicated exercise for plaintiff, as his failure to protect claims focus on a single incident and, therefore, plaintiff should be able to obtain the evidence he needs relating to that incident, regardless of whether he is represented by counsel. See Allen v. Sakellardis, No. 02 Civ.4373(JSR)(DF), 2003 WL 22232902, at *2 (S.D.N.Y. Sept. 29, 2003)(since plaintiff's claim "focuses on a single incident . . . [p]laintiff should be able to obtain the documentary evidence relating to that incident,

7

regardless of whether he is represented by counsel").

At least at this point in time, plaintiff has shown that he is capable of prosecuting his case, as he has drafted coherent and appropriate pleadings and has drafted motions supported by legal research (see Docket # 32). See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"); Avent v. Solfaro, 210 F.R.D. 91, 93-94 (S.D.N.Y. 2002)(where plaintiff demonstrated his ability to present facts, draft pleadings and motions "backed by legal research," court declined to appoint counsel). Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(court denied motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of the law); Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Accordingly, plaintiff's motion to appoint counsel (Docket # 30) is **denied without prejudice to renew.** Plaintiff may consult with the Western District pro se office attorneys for questions on process and procedure. Should

8

Judge Larimer determine that the appointment of counsel would provide substantial assistance to plaintiff in responding to dispositive motions or presenting his case at any trial, he may, of course, revisit the appointment of counsel issue at that time.

## Conclusion

Plaintiff's motion to amend (Docket # 25) is **granted**. Plaintiff's motion for appointment of counsel (Docket # 30) is **denied without prejudice to renew**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 23, 2011
Rochester, New York