UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON GARCIA,

                        Plaintiff,

                                                                                       <u>DECISION AND ORDER</u>

                                                                                                           09-CV-6622L

          v.

JOHN CONWAY, et al.,

                        Defendants.
_____

      Plaintiff, Jason Garcia ("Garcia"), commenced this action, *pro se,* alleging a violation of his rights pursuant to 42 U.S.C. §1983 ("Section 1983"). Specifically, Garcia alleges that the defendants, employees of the New York State Department of Corrections, failed to protect him from assault during his incarceration at the Attica Correctional Facility in August 2009.

      Plaintiff claims that he was assaulted while in a recreation yard and that he was beaten and stabbed by several inmates, in an occurrence which plaintiff alleges was readily observable from the recreation yard's watch tower.

      Pending before the Court is defendants' motion to dismiss the complaint, pursuant to FED. R. CIV. P. 12(b)(6). It appears that in response to that motion, Garcia filed a motion to amend the complaint, eliminating three defendants and alleging additional facts as to the remaining defendants, Anthony Witkowski, Daniel Heintz and Officer M. Meyer.

      By Decision entered September 23, 2011, United States Magistrate Judge Jonathan W. Feldman granted plaintiff's motion to amend the complaint. (Dkt. #33). *See Garcia v. Conway*, 2011 U.S. Dist. Lexis 115603 (W.D.N.Y. 2011).

Subsequent to Magistrate Judge Feldman's decision, defendants were given an opportunity to supplement the original motion to dismiss, in order to address the new, supplemental allegations of the amended complaint. Court staff contacted defendants' counsel, who declined to rebrief the motion and stated that defendants wished to rest upon their initial papers. (Dkt. #12, #13, and #14, filed July 6, 2010).

Defendant's motion to dismiss the amended complaint is denied. I believe the amended complaint sufficiently states a plausible Section 1983 claim of deliberate indifference to the plaintiff's safety against the defendants. While it is well settled that prison guards are not insurers of the safety of those confined to their care, nonetheless, prison officials and staff may not act with deliberate indifference to potential threats of substantial harm to inmates. The amended complaint plausibly alleges that violence and threats of violence in the yard where plaintiff was injured were known to and recognized by prison officials in general, and by the defendants in particular. The amended complaint further alleges that the defendants nonetheless failed to establish or carry out protective measures to ameliorate the risk to plaintiff. *See e.g., Warren v. Goord,* 476 F.Supp.2d 407, 411-412 (S.D. N.Y. 2007).

Since this is a motion to dismiss, the Court must accept as true the allegations in plaintiff's amended complaint. *See generally Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). For the foregoing reasons, I find that plaintiff's claims are sufficiently stated to survive the instant motion to dismiss. While this holding does not prevent defendants from moving to dismiss the complaint at a subsequent stage, plaintiff's allegations are sufficient, at present, to proceed with discovery.

CONCLUSION

Defendants' motion to dismiss (Dkt. #12) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 14, 2011.