UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON GARCIA,

                              Plaintiff,

                                                                                    DECISION AND ORDER

                                                                                    09-CV-6622L

                          v.

CORRECTIONAL OFFICER ANTHONY WITKOWSKI,
CORRECTIONAL OFFICER DANIEL HEINTZ,
CORRECTIONAL OFFICER M. MEYER,

                              Defendants.
_____

      Plaintiff, Jason Garcia, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), asserts claims under the Eighth Amendment to the United States Constitution against Anthony Witkowski, Daniel Heintz, and M. Meyer, who at all relevant times were correction officers employed by DOCCS.

      Plaintiff brought this action *pro se*, but the Court has since appointed counsel to represent him. Dkt. #37. Through counsel, plaintiff has filed a second amended complaint (Dkt. #46), alleging that on August 12, 2009, while plaintiff was in the C-block recreational yard ("yard") at Attica Correctional Facility, he was attacked by several other inmates, one of whom stabbed plaintiff with a knife or similar object. As will be explained below, apparently his attackers mistook plaintiff for their intended victim.

      Plaintiff's single claim is that defendants were deliberately indifferent to a substantial risk to his health and safety, in violation of the Eighth Amendment. Specifically, plaintiff alleges that defendants failed to take steps to prevent the attack from occurring, such as patting down inmates

before allowing them to enter the yard, using metal detectors at the entrance to the yard, and providing adequate personnel to monitor prisoners' activities in the yard. Plaintiff also alleges that defendants knew or should have known of the danger that prisoners might attempt to bring weapons into the recreational yard. He seeks money damages for his injuries.

Defendants have moved for summary judgment. For the following reasons, the motion is granted, and the complaint is dismissed.

## DISCUSSION

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). A failure-to-protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

In order to demonstrate such deliberate indifference, the plaintiff must show that "he [wa]s incarcerated under conditions posing a substantial risk of serious harm" and that prison officials had "knowledge that [the] inmate face[d] a substantial risk of serious harm and ... disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620.

Under that standard, mere negligence is not enough. As the Court of Appeals for the Seventh Circuit has explained, [i]n failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (quoted in *Shell v. Brun*, 585 F.Supp.2d 465, 469-70 (W.D.N.Y. 2008)).

In the case at bar, plaintiff has failed to show anything more than negligence on the part of defendants. He has not demonstrated that there are any issues of material fact concerning deliberate indifference, and defendants are therefore entitled to summary judgment.

Plaintiff does not allege that defendants had actual knowledge of any specific threat to his safety. In fact, his allegations tend to show that they could not have had such knowledge; he testified at his deposition to the effect that he had no idea why he was attacked, other than a case of mistaken identity. Dkt. #61-3 at 11. Plaintiff testified that at some point during the assault, he heard one of his attackers say to another, "No, you're fucking stupid, it's the wrong dude, it's the wrong dude." He also stated that prior to this assault, he "had no known enemies" in C-block. Dkt. #61-3 at 11.

According to plaintiff's own allegations and testimony, then, defendants could not have seen this specific assault coming. Construing the record in the light most favorable to plaintiff, the most that can be said is that defendants were negligent, in not taking sufficient steps to prevent assaults in the recreational yard generally.

For the reasons stated, that is not enough for plaintiff to prevail on a claim under 1983. The fact that his complaint alleges that defendants "knew, or in the exercise of ordinary care should have known," that prisoners might be attacked in the yard with weapons is itself an indication that plaintiff alleges no more than negligence on the part of defendants. *See Vance v. Ball State Univ.*, ___ U.S. ___, 133 S.Ct. 2434, 2440-41 (2013) (equating finding that employer "knew or should have known" of harassment directed against employee with negligence on the part of employer); *United States v. Finkelstein*, 229 F.3d 90, 95 (2d Cir. 2000) ("should have known" "connotes a concept more akin to negligence than to knowledge").

Certainly prison officials are, or should be, generally aware of the risk that inmates may assault each other. But for the reasons stated, that is not enough to establish these defendants' liability under § 1983. Plaintiff has not shown that defendants were aware of any particular threat to him (indeed, they could not have been, since plaintiff's attackers allegedly mistook him for their

intended victim), or even that conditions were such that defendants could be found to have ignored a substantial threat to *any* inmates in the yard. *See McDaniels v. McKinna*, 96 Fed.Appx. 575, 580 (10th Cir. 2004) (where plaintiff did not claim that defendant had prior knowledge of any specific threat to plaintiff's safety, defendant's "slow reaction to the fight [in which plaintiff was injured] might constitute negligence, [but] it does not rise to the level of deliberate indifference required to establish liability under the Eighth Amendment").

I also note that plaintiff has failed to present evidence that defendants were personally involved in the alleged violations of his rights. At most, plaintiff has shown only that defendants were not paying close attention to what was happening in the yard at the time of this incident. He has not submitted any evidence to show that defendants were personally involved in the attack itself, or in any practices or policies that were proximately related to the attack. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (stating that imposing individual liability under Section 1983 requires "personal involvement ... in alleged constitutional deprivations") (internal quotation marks omitted); *Diaz v. Burns*, No. 6:10-CV-6595, 2013 WL 5951866, at *4 and n.1 (W.D.N.Y. Nov. 6, 2013).

Plaintiff also contends that he needs discovery to respond to defendants' motion. Plaintiff states that a certain inmate witnessed the attack on him, and that defendants have refused to identify the inmate.

Plaintiff previously moved for an order to compel defendants to identify this inmate, and Magistrate Judge Jonathan W. Feldman issued an order directing defendants to serve the inmate with written questions submitted by plaintiff. Dkt. #56. According to defense counsel, the inmate has refused to answer the questions. Dkt. #62 ¶ 4.

These matters are ultimately immaterial to whether defendants' motion should be granted, because plaintiff has not shown that this inmate's testimony would likely bear upon the matters at issue in this lawsuit. There is not, at least for purposes of the present motion, much if any dispute here about what happened. The only dispute is over whether defendants should be held liable for

plaintiff's injury. Plaintiff has not demonstrated how this inmate witness's testimony would be likely to affect the answer to that question. *See Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995) (party resisting summary judgment on the ground that he needs additional discovery must show, *inter alia*, how the facts sought "are reasonably expected to create a genuine issue of material fact").

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #59) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 19, 2013.